UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:08CV107-J

MARY FRANCES DURHAM                                                                                     PLAINTIFF

VS.

MICHAEL J. ASTRUE,
    Commissioner of Social Security                                                             DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Mary Frances Durham ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be affirmed.

## PROCEDURAL HISTORY

On April 21, 2004, Claimant filed application for disability insurance benefits and supplemental security income payments, alleging that she became disabled as of January 2004. After a hearing, Administrative Law Judge Don C. Paris ("ALJ") determined that claimant's pseudotumor cerebri, status post lumbar shunt, status post cervical discectomy, low back pain, obesity and dysthymic disorder were severe impairments that prevented her from performing any of her past relevant work. The ALJ further found that she retained the residual functional capacity to perform jobs that exist in significant numbers in the national economy. This became the final decision of the Defendant when the Appeals Council denied review on June 5, 2008.

STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

ARGUMENTS ON THIS APPEAL

Plaintiff argues that the ALJ erred in failing to find her headaches constituted a "severe" impairment. The regulations provide that if the claimant's degree of limitation is none or mild, the Commissioner will conclude the impairment is not severe, "unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities." 20 C.F.R. § 404.1520a(d). The purpose of the second step of the sequential analysis is to enable the Commissioner to screen out "totally groundless claims." Farris v. Sec'y of HHS, 773 F.2d 85, 89 (6th Cir.1985). The Sixth Circuit has construed the step two severity regulation as a " de minimis hurdle" in the disability determination process. Higgs v. Bowen, 880 F.2d 860, 862 (6th Cir.1988). If an impairment has "more than a minimal effect" on the claimant's ability to do basic work activities, the ALJ is required to treat it as "severe." SSR 96-3p (July 2, 1996).

The significance of finding an impairment "severe" or "non-severe" is whether the examination of the claimant's circumstances is taken to the next step in the sequential analysis. If

any impairment is found severe, the analysis is taken to the next step, such that the mere failure to classify a second impairment severe is irrelevant, so long as the actual impact of that impairment is considered as part of the whole.

To the extent plaintiff argues that a finding that a particular impairment is not severe can in itself constitute reversible error, she is incorrect. In Maziarz v. Secretary of Health & Human Services, 837 F.2d 240, 244 (6th Cir. 1987), the Court established that there is no error in finding a particular impairment non-severe so long as the effect of that condition is considered in determining whether the claimant "retained sufficient residual functional capacity to allow him to perform substantial gainful activity."

In this case, the ALJ acknowledged Ms. Durham's complaints of headaches. See, e.g., Tr. 28. The records showed that a lumboperitoneal shunt had been put in to reduce the cerebrospinal fluid pressure, the hope being that some vision could be recovered and that the headaches might be helped as well. The ALJ recognized the LP shunt treatment and discussed the records as they reflected on the success of the treatment. He also referred to medical records in which Ms. Durham gave conflicting reports as to the extent of headache relief provided by the shunting. Tr. 29. Thus, the headaches were considered as part of her overall condition; therefore, to succeed with her argument, Ms. Durham would have to show that her headaches intrude on her ability to work such that the record does not include substantial evidence to support the residual functional capacity found by the ALJ.

When Ms. Durham first saw Dr. Villanueva on January 20, 2004, she reported that she had been experiencing headaches for three months. Tr. 380. On April 8, 2004, Dr. Villanueva recorded Ms. Durham's report that "she does not feel that the headaches that she had are any better," but he

3

also recorded that the positional headaches were gone. Tr. 376. This contrasts with the report she had given March 1, 2004, when she stated that "The spinal headaches and the positional headaches have somewhat improved, she just has some mild nonspecific headaches." Tr. 377.

In March of 2005, Dr. Nelson, a pain management specialist, and reported to him "that she is having decreased headaches." Tr. 415. Dr. Nelson also recorded, "She previously had problems of headache .... This was treated with a lumbar shunt, which is currently in place and functioning quite well." Tr. 421. When Ms. Durham returned to Dr. Villenueva in July of 2005, he confirmed that the shunt was working, and he recorded her report of "intermittent headaches." He advised her that if the headaches became severe before she was due to return in six to eight months, she should call him. Tr. 474. There is no record that she did so.

Dr. Weaver, a neurologist who saw Ms. Durham in early June of 2004, recorded her statement that "her headaches are better since she has been shunted." Tr. 302. When she returned to him a few weeks thereafter, he recorded that "The patient still has some mild headaches, but they are not as severe as before her shunt was placed." Tr. 298.

Thus, while the records indicate a history of headaches, including "some mild headaches" that continue intermittently, substantial evidence supports the ALJ's conclusion that the headaches were not so severe as to interfere with her performance of the jobs identified. The substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Mullen v. Bowen, 800 F.2d 535, 545 (6 th Cir.1986).

The plaintiff has not identified an error of law in the administrative processing of her claim.

As substantial evidence supports the decision of the Commissioner, this Court is required to affirm the Commissioner's decision. An order in conformity has this day entered.